J-S11016-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,   :     IN THE SUPERIOR COURT OF
                                      :             PENNSYLVANIA
                   Appellee       :

                       v.            :

BRUCE M. REESE,                :

                  Appellant     :      No. 52 EDA 2013

Appeal from the Judgment of Sentence November 20, 2012,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0013539-2011

BEFORE:  BENDER, P.J.E., WECHT, and STRASSBURGER,* JJ.

DISSENTING MEMORANDUM BY STRASSBURGER, J.:**FILED AUGUST 06, 2014**

I agree with the Majority that Reese's challenge to the sufficiency of the evidence is meritless.  However, I disagree with the Majority's conclusion that the trial court erred by denying Reese's suppression motion.  I therefore respectfully dissent.

Reese presents only one argument in support of his claim that the trial court erred by denying his motion to suppress.  Reese maintains that "there is insufficient evidence to show that [he] resided at the residence for which the [search] warrant was issued because the magistrate was not informed, and the affirming detective did not so inform him, that [Reese] had a more recent address of record."  Reese's Brief at 9-10.  According to Reese, the detective's omission constituted a deliberate and material misstatement of

---

* Retired Senior Judge assigned to the Superior Court.

fact. In my view, the trial court's opinion adequately addresses and properly rejects this argument. Trial Court Opinion, 7/31/2013, at 14-15.

The Majority concludes that the trial court erred by denying Reese's motion to suppress based upon its determination that "there is no information in the 'four corners' of the affidavit of probable cause establishing any 'nexus' between Reese's address and the instant robbery." Majority Memorandum at 15. To the extent that Reese presented this argument to the trial court, he abandoned it on appeal. I, therefore, do not believe that such an argument should be the basis for granting Reese appellate relief. Moreover, assuming *arguendo* that Reese had presented this argument on appeal, I agree with the trial court that this Court's decision in **Commonwealth v. Hutchinson**, 434 A.2d 740 (Pa. Super. 1981), renders such an issue meritless.

In **Hutchinson**, a man wearing a blue checked shirt robbed a medical center at gunpoint. The man stole credit cards, six car wash slips, and approximately eight hundred dollars. Two of the victims identified Hutchinson as the perpetrator.

The police sought and obtained a search warrant for Hutchinson's home. The affidavit of probable cause noted that a gunpoint robbery had occurred, that the perpetrator had stolen certain property, and that two of the victims had identified the perpetrator as Hutchinson from photos. When searching Hutchinson's home, the police found, *inter alia*, a blue checked

shirt and a .22 caliber pellet gun. Those items were admitted into evidence during Hutchinson's trial.

On appeal, Hutchinson argued that "the shirt and gun were inadmissible because the search warrant affidavit failed to aver that evidence could be found in his home and therefore did not establish probable cause to justify the search." *Hutchinson*, 434 A.2d at 743. This Court employed the following rationale in rejecting Hutchinson's argument.

> The affidavit of probable cause must contain sufficient facts to permit a neutral and detached magistrate to conclude with reasonable certainty that a crime has been committed and that evidence or fruits thereof may be found on the premises to be searched. In *United States v. Ventresca*, 380 U.S. 102, 108, 85 S.Ct. 741, 746, 13 L.Ed.2d 684 (1965), the United States Supreme Court held that such applications should be read in a "commonsense and reasonable fashion" rather than with "(a) grudging and negative attitude ...." We agree with the lower court that the facts contained in the present affidavit formed a sufficient basis for the issuing authority to conclude that evidence from the robbery would be found in [Hutchinson's] home. The affidavit stated that [Hutchinson] had been positively identified by two of the victims. Moreover, the items seized, a shirt and a gun, were each of a type reasonably likely to be found in the perpetrator's home, especially given the short period of time between the commission of the crimes and the application for the search warrant. In similar circumstances, courts have held it reasonable for an issuing authority to conclude that evidence would be found in the homes of suspects. Consequently, the lower court properly concluded that the search warrant was supported by probable cause and that the shirt and gun were admissible.

*Hutchinson*, 434 A.2d at 742-43 (citations and footnote omitted).

Here, the affidavit of probable cause indicates that, at 12:20 a.m. on November 11, 2011, D.H., I.W., and B.S. were robbed at gunpoint by two

men. The men stole from B.S., *inter alia*, three dollars and a Wells Fargo debit card. They took from D.H. approximately eighty dollars and from I.W. fifteen dollars and a SEPTA pass. K.R. was with the victims, but the two perpetrators did not take anything from him.

During the course of the robbery, D.H. and K.R. recognized the perpetrator who brandished the gun during the incident. K.R. asked that person, "Aren't you Kyle's cousin?" Continuation of Probable Cause for Search Warrant #161856, 11/14/2011, at 1. D.H. stated that, during the robbery, the gunman identified himself as Bruce. The affidavit then describes the two perpetrators. According to the affidavit, on November 13, 2011, D.H. and I.W. identified Reese as the gunman from a photo array, and the following day, B.S. did the same. K.R. was uncooperative during the investigation.

The Majority quotes most of the last paragraph of the affidavit. Majority Memorandum at 15. However, the Majority omits the final sentence of that paragraph, which states, "The affiant is respectfully requesting that a search and seizure warrant be granted for 413 N Edgewood Street to look for any firearms or ballistic evidence, complainant BS's Wells Fargo debit card, proof of residence and any other items of evidentiary value." ***Id.*** The search warrant was issued and executed on November 14, 2011.

After examining the totality of the circumstances, in my view, a commonsense and reasonable reading of the affidavit of probable cause

- 4 -

reveals that it contained sufficient facts to permit the issuing authority to conclude with reasonable certainty that Reese committed a crime and that evidence or fruits of that crime might be found in his residence. The affidavit stated that the three cooperative victims of the robbery positively identified Reese as the gunman in the robbery. Moreover, the police sought a warrant to search Reese's residence for the gun used during the commission of the robbery and the items stolen during that same robbery. All of these items "were each of a type reasonably likely to be found in the perpetrator's home, especially given the short period of time between the commission of the crimes and the application for the search warrant." *Hutchinson*, 434 A.2d at 743.

For these reasons, I conclude that the trial court properly determined that the search warrant was supported by probable cause. I, therefore, would affirm the judgment of sentence.